UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:18-cr-00170-JAM |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |
| DAVID MCDANIELS, | |
| Defendant. | |

The matter before the Court is Defendant David McDaniels' Motion to Suppress.  Mot. to Suppress ("Mot."), ECF No. 27. Defendant moves to suppress all tangible and intangible evidence obtained during the May 22, 2018, search of the motel room he alleges to have temporarily stayed in.  Mot. at 2-3.  The Government has responded in opposition, Opp'n, ECF No. 39, to which Defendant has replied, Reply, ECF No. 40.  For the reasons set forth below, the Court DENIES Defendant's motion.

## I.   FACTUAL BACKGROUND

On May 22, 2018, Vacaville Police Officer Spencer, stopped Angelika Riggins in her car in a Motel 6 parking lot.  Vacaville

1

1  Police Department Officer's Report Narrative ("Officer's Report")

2  at 1, ECF No. 27-2.  Riggins' car registration was expired.  Id.

3  Officer Spencer conducted a records check on Riggins and

4  discovered that she was on probation in Solano County.  Id.

5  Riggins' terms of probation required her to submit her "person,

6  real or personal property, automobile and any object under [her]

7  control to search and seizure . . . at any time day or night,

8  with or without cause, notice, consent or warrant."  Id. at 1-2.

9  Riggins told Officer Spencer that she was staying in Room 129 of

10  the motel alone, but the room was in her stepsister's name,

11  Crystal Morales, because she did not have personal identification

12  to book a motel room herself.  Id. at 2; see also Spencer Body

13  Camera Footage at 4:10-4:50.

14      Officer Spencer then decided to search Riggins' car, where

15  he and another officer discovered several debit, credit, and

16  identification cards belonging to other people.  Officer's Report

17  at 2.  The officers suspected identity theft.  Id.  The officers

18  also located Riggins' Motel 6 room key.  Id.  Using her room key,

19  Officer Boehm confirmed with the motel staff that it belonged to

20  Room 129.  Id.  Officer Spencer decided to conduct a follow-up

21  probation search of Riggins' motel room.  Id.  Officer Spencer

22  knocked on the motel room door and announced, "police department

23  probation search, open the door."  Officer's Report at 2.

24  Officer Spencer heard someone approach the door and ask who was

25  there, at which point Officer Spencer reidentified himself and

26  restated his order.  Id.  After several more knocks, and a failed

27  attempt to open the door with the room key, Defendant eventually

28  undid the deadbolt and opened the door.  Id.

2

1    Defendant was immediately put into handcuffs by another

2    officer.  Id.  Officer Spencer and Officer Criste entered the

3    room.  Id.  Two other people were inside.  Officer's Report at 2.

4    They were also handcuffed and taken outside.  Id.  Officer Boehm

5    began searching the room and found a loaded semi-automatic

6    handgun in an air conditioning vent near the bathroom.  Id. at 3.

7    The officers also found documents, mail, and personal identifying

8    information of several different people who were not present in

9    the motel room.  Id.  Officer Spencer then interviewed Defendant

10   and the two other people who were in the room with him.  Id. at

11   3-4.  Each was, in turn, questioned about the handgun and the

12   personal identifying information.  Officer's Report at 3-4.

13   Following these interviews, Officer Spencer placed Defendant

14   under arrest for being a convicted felon in possession of a

15   firearm, pursuant to California Penal Code § 29800(a).  Id. at 4.

16   On August 30, 2018, Defendant was indicted for violating 18

17   U.S.C. § 922(g)(1).  See Indictment, ECF No. 3.

18

19                    II.  OPINION

20   Defendant moves to suppress evidence obtained as a result of

21   the search of the motel room and his seizure on the grounds that

22   he (1) has standing to challenge the search as an overnight guest

23   of the motel room; and (2) the search and seizure were

24   warrantless and, thus, presumptively illegal.  Mot. at 7-12.  The

25   Government argues that (1) Defendant lacks standing to challenge

26   the search of the motel room; (2) the warrantless search of the

27   motel room was valid as a probation search; and (3) the search

28   was justified by exigent circumstances.  Opp'n at 4-19.

1      A.    Legal Standard

2          The Fourth Amendment to the Constitution prohibits

3    "unreasonable searches and seizures" by the Government.  United

4    States v. Arvizu, 534 U.S. 266, 273 (2002).  However, a defendant

5    must have standing in order to challenge the constitutionality of

6    a search.  In the Fourth Amendment context, this means that a

7    defendant "must have a cognizable Fourth Amendment interest in

8    the place searched before seeking relief for an unconstitutional

9    search." Byrd v. United States, 138 S.Ct. 1518, 1530 (2018).

10   This interest is often described as a "legitimate expectation of

11   privacy."  United States v. Armenta, 69 F.3d 304, 308 (9th Cir.

12   1995).  "To demonstrate a legitimate expectation of privacy, [a

13   defendant] must show that he has an actual subjective expectation

14   of privacy in the [place searched], and that society is prepared

15   to recognize that expectation.  Id. (internal quotation marks and

16   citation omitted).

17         This is because the Fourth Amendment only protects those

18   "against whom the search was directed, as distinguished from one

19   who claims prejudice only through the use of evidence gathered as

20   a consequence of a search or seizure directed at someone else."

21   Lyall v. City of L.A., 807 F.3d 1178, 1186 (9th Cir. 2015)

22   (internal quotation marks and citation omitted).  Thus, "an

23   overnight guest in a home may claim the protection of the Fourth

24   Amendment, but one who is merely present with the consent of the

25   householder may not."  Minnesota v. Carter, 525 U.S. 83, 90

26   (1998).  The defendant has the burden of "demonstrat[ing] that he

27   has a reasonable expectation of privacy giving rise to Fourth

28   Amendment protection.  United States v. Caymen, 404 U.S. 1196,

1  1199 (9th Cir. 2005).

2      B.   Analysis

3      Defendant argues he has standing to challenge the search of
4  the motel room because he had been an overnight guest in the room
5  for two days and was free to come and go as he pleased. See Mot.
6  at 7; see also Def.'s Decl. at 1, ECF No. 27-3.  The evidence
7  presented in support of this is Defendant's own statement that he
8  was an overnight guest and the fact that he had just exited the
9  shower at the time the officers entered the room.   Id.   The
10  Government argues this evidence is insufficient to support Fourth
11  Amendment standing.  The Court agrees.

12      A defendant must present sufficient evidence to establish a
13  legitimate expectation of privacy.  See Armenta, 69 F.3d at 309.
14  For instance, in Armenta, the defendant presented: (1) his own
15  sworn declaration that he was an overnight guest at the house in
16  question; (2) an officer's testimony that he had spent the night
17  inside the house; (3) the fact that his wallet and other
18  identifying information were in the house; and (4) his attorney's
19  declaration that a co-defendant would testify that the defendant
20  was an overnight guest.  69 F.3d at 308.  Nonetheless, the Ninth
21  Circuit concluded that, "[a]t most, the evidence suggest[ed] that
22  [the defendant] was legitimately on the premises, which is
23  insufficient to demonstrate a legitimate expectation of privacy."
24  Id. at 309 (internal quotation marks and citation omitted).

25      The court in Armenta compared the defendant's situation to
26  United States v. Davis, 932 F.2d 752 (9th Cir. 1991), where the
27  defendant had a key to the apartment, stored things there, and was
28  free to come and go as he pleased.  Id. at 308.  Moreover, the

5

1  defendant in Davis took the precaution of storing his possessions
2  in a locked safe in the owner's apartment to ensure his privacy
3  and had previously lived in the apartment and continued to pay a
4  portion of the rent.   Id.   The facts in Davis suggested the
5  defendant was an "overnight guest of the sort . . . envisioned by
6  the Supreme Court[], *i.e.*, one who is in the owner's home with the
7  permission of his host, and one who is engaging in a longstanding
8  social custom that serves functions recognized as valuable by
9  society."   Id. at 309 (internal quotation marks and citation
10 omitted).

11      Thus, a defendant's "bald assertion that he was an overnight
12 guest," and nothing more, is certainly insufficient to establish
13 that he had a legitimate expectation of privacy in the place
14 searched. United States v. Reyes-Bosque, 596 F.3d 1017, 1027 (9th
15 Cir. 2010) (internal quotation marks and citation omitted).   In
16 Reyes-Bosque, one of the defendants merely stated that he was at
17 the house to rest and stay overnight. 596 F.3d at 1027. Although
18 the defendant contended that his presence as an overnight guest
19 was an undisputed fact, the Ninth Circuit disagreed.  Id. Besides
20 the defendant's own statement, there was no evidence that he had
21 personal items with him that suggested he was staying the night,
22 had a key to the location, stored items at the location, or was
23 free to come and go as he pleased.  Id.  And, most notably, the
24 person in control of the location never stated that he had given
25 the defendant permission to stay as an overnight guest. Id. As a
26 result, the court held the evidence did not establish the defendant
27 as an overnight guest, thus, he lacked standing to challenge the
28 search.  Id. at 1028.

6

1    Here, too, Defendant has presented insufficient evidence.

2  The Court has Defendant's own statement that he was an overnight

3  guest in the motel room, see Def.'s Decl. at 1, and statements

4  from others that he had just emerged from the shower when the

5  police entered the room, see Officer's Report at 3-4.  But that

6  is all.  Moreover, Riggins, the person in control of the motel

7  room, denied anyone else was staying there with her.  See Spencer

8  Body Camera Footage at 4:10-4:50. Defendant has failed to present

9  any evidence (other than his own statement) that contradicts or

10 corrects Riggins' statement that she was staying in the motel

11 room alone.  For example, a declaration from Riggins herself

12 might have been persuasive.  Absent that, or any other persuasive

13 evidence, the Court does not find that Defendant was an overnight

14 guest.  Thus, Defendant lacks standing to challenge the search.

15 Given this finding the Court need not reach the other arguments

16 raised by the Government in opposition to this motion.

17

18                        III.   ORDER

19    For the reasons set forth above, the Court DENIES

20 Defendant's Motion to Suppress.

21    IT IS SO ORDERED.

22 Dated: November 18, 2020

23

24                                    _____
                                     JOHN A. MENDEZ,
25                                     UNITED STATES DISTRICT JUDGE

26

27

28