McGREGOR W. SCOTT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ANTHONY McDANIELS,<br><br>Defendant. | CASE NO. 2:18-CR-00170-JAM<br><br>STIPULATION RE DISSEMINATION OF DISCOVERY MATERIALS; PROTECTIVE ORDER |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America (the "government") and the defendant, by and through their respective counsel of record, stipulate and agree as follows, and respectfully request that the Court find and order the following:

1.   The government has and will continue to produce discovery containing personal identifying information of third parties subject to this stipulation and associated protective order.

2.   Certain documents in the United States' discovery productions contain names and personal identifying information of other individuals (hereinafter, the "Protected Material"). Such personal identifying information includes, but is not limited to, surnames, street addresses, telephone numbers, driver license numbers, Social Security numbers, social media account numbers, dates of birth, and any other alphanumeric identifiers attributed to any person.

3.   Any pages of discovery that contain no personal identifying information or which have had the personal identifying information completely redacted are not subject to this Order.

4. The Protected Material is now and will forever remain the property of the government. Protected Material is entrusted to defense counsel only for purposes of representation in this case. Defense counsel will return discovery or certify that it has been shredded at the conclusion of the case or upon the termination of defense counsel's document retention obligations, whichever is later.

5. Defense counsel will store Protected Material in a secure place and will use reasonable care to ensure that it is not disclosed to individuals not authorized to access such material under this agreement.

6. Counsel for the defendant shall not give Protected Material or any copy of Protected Material to any person other than counsel's staff, investigator, or retained expert(s). The terms "staff," "investigator," and "expert" shall not be construed to describe any defendant or other person not either regularly employed by counsel or a licensed investigator or expert hired in this case.

7. Any person receiving Protected Material or a copy of Protected Material from defense counsel shall be bound by the same obligations as counsel and may not give Protected Material to anyone (except that Protected Material shall be returned to counsel).

8. Counsel shall maintain a list of persons to whom any Protected Material, or copies thereof, has been given. Such persons shall sign a copy of the Stipulation and Order.

9. The defendant may review Protected Material and be aware of its contents, but as of the date this Order is entered, shall not be given control of Protected Material or any copies thereof. Notwithstanding the foregoing, counsel is permitted to provide the defendant with copies of documents otherwise classifiable as Protected Material so long as counsel completely redacts all personal identifying information from those documents prior to providing them to the defendant.

10. Any Protected Material provided to the defendant by defense counsel prior to entry of this Order shall be returned to defense counsel at the conclusion of the case or upon the termination of defense counsel's representation of the defendant.

11. Defense counsel shall advise government counsel of any subpoenas, document requests, or claims for access to the discovery by third parties in order that the government may take action to resist or comply with such demands as it may deem appropriate, to the degree that such advice does not

///

conflict with other of defense counsel's legal or ethical obligations arising from the presence of any subpoenas, document requests, or claims for access to the discovery by third parties.

12. The foregoing notwithstanding, after any trial confirmation hearing in this case, counsel, staff, and investigator for the defendant who have confirmed for trial may make copies of Protected Material for trial preparation and presentation. Any copies must, however, remain in the possession of said counsel, staff, investigator, expert, or the Court.

IT IS SO STIPULATED.

Dated: February 3, 2021         McGREGOR W. SCOTT
                                United States Attorney

                                By:  /s/ SAM STEFANKI
                                     SAM STEFANKI
                                     Assistant United States Attorney

Dated: February 3, 2021              /s/ MIKE LONG
                                     MIKE LONG
                                     Counsel for Defendant
                                     DAVID ANTHONY McDANIELS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED

Dated: February 3, 2021

Carolyn K. Delaney
United States
Magistrate Judge

STIPULATION AND [PROPOSED] ORDER RE
DISSEMINATION OF DISCOVERY

3