PHILLIP A. TALBERT
Acting United States Attorney
AUDREY B. HEMESATH
SAM STEFANKI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ANTHONY McDANIELS,<br><br>Defendant. | CASE NO. 2:18-CR-00170-JAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA AND SENTENCING HEARINGS; FINDINGS AND ORDER<br><br>DATE: June 8, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

## **BACKGROUND**

The defendant, David Anthony McDaniels, is charged in a single-count information with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). This matter is now set for a plea hearing on June 8, 2021. ECF No. 51.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when (i) such hearings cannot be conducted in person without seriously jeopardizing public health and safety; and (ii) the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice. CARES Act, Pub. L. No. 116-136, § 15002(b)(2), 134 Stat. 281, 528–29 (2020).

///

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the functioning of the federal courts generally. On April 2, 2021, the Chief Judge of this District issued General Order 630, which also made the findings required by the CARES Act in order for plea and sentencing proceedings to proceed via videoconference.

In order to authorize sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 630—also requires district courts in individual cases to find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice. General Order 630 further requires that the defendant consent to remote proceedings.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 630 have been satisfied in this case. The parties also request that the Court enter an order making the specific findings required by the CARES Act and General Order 630. Specifically, for the reasons further set forth below, the parties agree that:

1. The plea and sentencing hearings in this case cannot be further delayed without serious harm to the interest of justice and given the public health restrictions on physical contact;

2. The defendant waives his physical presence at these hearings and consents to remote hearing by videoconference; and

3. Counsel for the defendant joins in that waiver.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

///

3. In their continuing guidance, the Centers for Disease Control and Prevention ("CDC") and other public health authorities have suggested the public avoid social gatherings in groups of more than ten people and practice physical distancing between individuals to slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District of California had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020, and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's critically low resources across its heavy caseload. The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that can only start to be alleviated when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

///

9. General Orders 613, 614, 615, 616, 620, 621, 624, and 628 have also issued and made findings and implemented temporary emergency procedures in response to the COVID–19 crisis. These General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions, with General Order 628 having expired on April 4, 2021. On April 2, 2021, General Order 630 issued, authorizing further continuances of hearings and exclusions under the Speedy Trial Act for another ninety days unless terminated earlier.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The plea and sentencing hearings in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay these hearings until they can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. Under § 15002(b) of the CARES Act, the defendant consents to proceed with these hearings by videoconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: June 3, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant U.S. Attorney

Dated: June 3, 2021

/s/ MICHAEL D. LONG
MICHAEL D. LONG
Counsel for Defendant
DAVID ANTHONY McDANIELS

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The plea and sentencing hearings in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at these hearings and consents to remote hearings by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 630, the plea and sentencing hearings in this case may be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 4th day of June, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE